After a trial in the Probate and Family Court, the judge found the appellant, Mark Manning (Mark),[2] not guilty of contempt for failing to pay one-half of certain credit card debts; nonetheless, the judge ordered him to pay a portion of the credit card debt to Karen Manning, his former wife (Karen). Mark appeals, arguing that Karen failed to comply with her obligation under the separation agreement, which was a condition precedent to his obligation to pay, thus relieving him of the obligation entirely. We agree, and therefore reverse that portion of the judgment that orders him to pay.[3] For the same reason, the portion of the judgment finding that Mark was not in contempt is affirmed.
Background. The parties were married in 1989; they separated in 2012. On February 13, 2015, they entered into a separation agreement, incorporated but not merged in the judgment of divorce nisi (except for provisions relating to the children); judgment entered that same date. Relevant here, in subsection C of exhibit one to the agreement (subsection 1.C), the parties "acknowledged that the [w]ife represents that she is holding approximately $45,000.00 in credit card debt." As a condition of sharing equally the payment of this debt, the agreement required Karen, within sixty days of execution, to "produce through counsel documentation proving that this credit card debt was accumulated during the marriage for marital purposes." The provision specifically provided that, if she did not provide within this time period "adequate documentation then she shall remain solely liable for this credit card debt."
On March 16, 2015 (before the sixty-day period expired), Karen produced to Mark a single statement page from each of the credit cards indicating the balance due as of October or November, 2012; she claimed that each balance represented debt accumulated during the marriage. According to Mark, these incomplete statements did not include any itemizing of purchases. By electronic mail message dated March 19, 2015, Mark responded that Karen's documentation was "insufficient to prove that this credit card debt was 'accumulated during the marriage for marital purposes,' " citing to subsection 1.C. (emphasis in original); he then refused to pay any portion of the credit card debt.
Karen did not produce any further documentation within the required sixty days; instead, on September 29, 2015, she filed a complaint for contempt, alleging that Mark had violated the separation agreement by refusing to pay his share of the marital credit card debt. The judge conducted a pretrial conference in December, 2015, and issued an order that Karen, before trial, produce to Mark three years of monthly credit card statements. After a brief trial, the judge found, among other things, that Mark was not in contempt for not paying the credit card debt, because of "the incompleteness of the credit card records produced by [Karen] at the last hearing." Nonetheless, the judge ordered Mark to pay half of the approximately $18,000 of debt charged on the American Express and Care credit cards, after determining that the produced documentation relating specifically to those two credit cards sufficiently established that the debt was accumulated during the marriage for marital purposes. Mark appealed.
Discussion. The disputed provision of the agreement, subsection 1.C., is a "clear and unequivocal command" to the parties regarding their respective obligations concerning the disputed credit card debt. Birchall, petitioner, 454 Mass. 837, 838-839 (2009). As noted, the provision requires Karen first to fulfil her obligation to produce the required documentation within sixty days, before Mark must perform his obligation to pay an equal share of the debt. Karen failed to fulfil her obligation within the time required. As a result, there was no further "command" requiring Mark to act. "[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, supra. For that reason, we agree that Mark was not in contempt.
However, ordering Mark subsequently to pay half of the American Express and Care credit card debt was error, as the language in subsection 1.C. of the agreement created a condition precedent upon Karen to provide to Mark within sixty days of execution of the agreement the required documentation. Karen failed to satisfy her obligation, making Mark's conditioned obligation unenforceable.
"Parties to a contract, of course, are free to create whatever conditions precedent they choose." Massachusetts Mun. Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 45 (1991). "A condition precedent defines an event which must occur before a contract becomes effective or before an obligation to perform arises under the contract. If the condition is not fulfilled, the contract, or the obligations attached to the condition, may not be enforced." Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 420-421 (2005) (Twin Fires ), quoting from Massachusetts Mun. Wholesale Elec. Co. v. Danvers, supra. "Where the dispute concerns a condition precedent, 'a court looks to the parties' intent to determine whether they have created a condition precedent. To ascertain intent, a court considers the words used by the parties, the agreement taken as a whole, and surrounding facts and circumstances.' " Id. at 420 (citations omitted).
Here, the parties chose to require Karen "within [sixty] days of this agreement to produce ... adequate documentation" showing that the $45,000 in credit card debt (held exclusively in her name) was the result of charges made during the course, and for the benefit, of the marriage; in so doing, they created a condition precedent to Mark's obligation to pay half of that debt. The parties also included language that "[i]n the event that the [w]ife is not able to produce adequate documentation then she shall remain solely liable for this credit card debt."
"Generally, quite emphatic words are necessary to create a condition precedent to the maturing of rights under a contract, or the forfeiture of rights." Thomas v. Massachusetts Bay Transp. Authy., 39 Mass. App. Ct. 537, 543 (1995). See Restatement (Second) of Contracts § 226, comment a (1979). In this case the evidence of the unfulfilled condition precedent was disputed, but the express conditioning language is contained entirely in subsection 1.C. Taking into account the specific language of that provision, as well as the agreement as a whole, it is clear that the parties intended to provide that, if Karen failed to provide by April 13, 2015, the required documentation, payment of the entire $45,000 in credit card debt would remain her exclusive responsibility.[4] Because she failed to do so, the obligation attached to that condition was not enforceable. Twin Fires, supra at 420-421. As a result, the judge erred in ordering Mark to contribute to the payment of the American Express and Care credit card debt.
Conclusion. So much of the contempt judgment dated June 23, 2016, as requires the husband to pay one-half of the wife's credit card debt is reversed. In all other respects, the judgment is affirmed.
So ordered
Reversed in part; affirmed in part.

We use first names because the parties share a last name.

To the extent Mark's notice of appeal was premature due to the filing of postjudgment motions, we exercise our discretion to excuse the timing and reach the merits. However, the orders denying those motions are not properly before us because Mark failed to timely appeal from the orders. In addition, we do not consider the following issues identified in Mark's notice of appeal: (i) that Karen be allowed to "have additional time to retrieve her personal belongings" from the marital home; and (ii) that Mark "pay one-half of uninsured medical costs in the amount of $376.44." Mark has argued neither issue in his brief and thus has waived review. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Boston Hous. Authy. v. Guirola, 410 Mass. 820, 827 n.9 (1991).

The statements Karen did provide on March 16, 2015 (within the required time period), as Mark argues, appear to reflect only the balance due on each credit card and not any itemization of charges proving that the credit card debt "was accumulated during the marriage for marital purposes."